UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Randa Tawadros-Gurgis, A130 739 397<br>Raouf Mankaryous, A73 182 559<br>Plaintiffs     MAGISTRATE JUDGE _____<br><br>vs.<br><br>Denis Riordan, Interim Director<br>Bureau of Citizenship and Immigration Services<br>JFK Federal Building<br>15 New Sudbury Street<br>Boston, MA 02203<br><br>Eduardo Aguirre, Director<br>Bureau of Citizenship and Immigration Services<br>425 I Street, N.W.<br>Washington D.C. 20536<br><br>Tom Ridge, Secretary of Homeland Security<br>United States Department of Homeland Security<br>Nebraska Avenue Center, N.W.<br>Washington, D.C. 20508<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR<br>DECLARATORY RELIEF<br>IN THE NATURE OF<br>MANDAMUS<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK _____<br>DATE _____ |

## I. INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. §1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §1551 et. seq. This action seeks to compel defendants to adjudicate the Refugee/Asylee Relative Petition which Plaintiff Randa Tawadros ("Mrs. Tawadros"), an asylee, filed on behalf of her husband, Raouf Mankaryous ("Mr. Mankaryous").

## II. JURISDICTION

2. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C.

1

§1331, Federal Question Jurisdiction; 28 U.S.C. §2201, the Declaratory Judgment Act; 5 U.S.C. §702, the Administrative Procedures Act; 28 U.S.C. §1361, regarding an action to compel an officer of the United States to perform his duty; and 8 U.S.C. §1329, the Immigration and Nationality Act (providing for jurisdiction in this Court over actions arising under that Act).

### III. VENUE

3. 28 U.S.C. §1391(e), as amended, provides that in a civil action in which each Defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which the Plaintiff in the action resides.

4. Plaintiffs Randa Tawadros and Raouf Mankaryous are residents of Ayer, Massachusetts. The Boston, Massachusetts office of the Bureau of Citizenship and Immigration Services ("CIS") has taken jurisdiction over the Refugee/Asylee Relative Petition.

### IV. PLAINTIFFS

5. Randa Tawadros and Raouf Mankaryous are natives and citizens of Egypt. On July 3rd, 2002, the Immigration and Naturalization Service (now reconfigured as the Bureau of Citizenship and Immigration Services) granted Mrs. Tawadros asylum in the United States (see copy of notice, attached). Her husband, Petitioner Raouf Mankaryous was included in her asylum application, and qualified for derivative asylee status 8 CFR Section 1208.21(c).

## V. DEFENDANTS

6. Defendant Denis Riordan is the duly appointed Interim Director of the BCIS (a bureau of the Department of Homeland Security) office in Boston, Massachusetts. Defendant Eduardo Aguirre is the duly appointed Director of the CIS. Defendant Tom Ridge is the duly appointed Secretary of the DHS.

## VI. FACTUAL ALLEGATIONS

7. Plaintiff brings this action to compel the CIS to adjudicate the application for adjustment of status which the plaintiff filed at the direction of the Board of Immigration Appeals on April 21st, 2003.

8. Raouf Mankaryous was ordered removed from the United States by the Board of Immigration Appeals ("BIA" or "the Board") on May 13th, 2002. He appealed that decision to the Second Circuit Court of Appeals; that appeal is still pending. When his wife was granted asylum, he moved the Board to reopen the proceedings, in order to process him for derivative asylee status. In a decision dated April 3rd, 2003, the BIA recognized that Mr. Mankaryous "qualifies for derivative asylee status as the spouse of an alien granted asylum," but instructed that, in order to achieve that benefit, his wife needed to file a Form I-730, Refugee/Asylee Relative Petition on his behalf (see copy of BIA decision).

9. Accordingly, on April 21st, 2003, Mrs. Tawadros filed a Form I-730 on Mr. Mankaryous' behalf. The CIS issued a receipt notice instructing that normal processing times for such

petitions range from 230 to 260 days (see copy of petition and receipt notice).

10. On July 9th, 2004, counsel for the Petitioners entered into a stipulation with Assistant United States Attorney Joseph Pantoja, counsel for the appellee in Mr. Mankaryous' petition for review. In that stipulation, the parties agreed that Petitioners would file a mandamus action in the Federal District Court to compel the CIS to adjudicate the I-730.

11. On July 15th, 2004, counsel for the Petitioners called the CIS to inquire as to the status of the case. The officer with whom she spoke informed her that the case was still pending, but that the CIS was at that time adjudicating I-730s which had been filed after Mrs. Tawadros' petition. Because the officer could not determine why the petition had not been adjudicated, she sent an internal inquiry to the office which had the file (the Vermont Service Center). On August 1st, 2004, counsel discovered that the file had been transferred from Vermont to the Boston District Office, and that the petition had not been adjudicated (see statement of Ilana Etkin Greenstein).

12. Counsel has contacted the Boston office to request that the case be adjudicated, but has not received an answer (see copy of letter dated August 18th, 2994).

## VII. STATUTORY AND REGULATORY FRAMEWORK

13. Eight CFR section 1208.21(a) provides that "a spouse... or child... also may be granted asylum if accompanying, or following to join, the principal alien who was granted asylum..." Subsection (c) provides that, "[w]hen a spouse or child of an alien granted asylum is in the United States, but was not included in the asylee's application, the asylee may request accompanying or following-to-join benefits for his/her spouse or child by

4

filing for each qualifying family member a separate Form I-730, Refugee/Asylee Relative Petition, and supporting evidence, with the designated Service office, regardless of the status of the spouse or child in the United States."

## VIII. CLAIM FOR RELIEF

14. The Defendants have, without explanation, failed to adjudicate Plaintiff Randa Tawadros' petition.

15. The Defendants owe the Plaintiffs a duty to act upon the petition in a timely manner, and have unreasonably refused to perform that duty. That refusal has had a significant detrimental affect on Plaintiff Raouf Mankaryous, who faces deportation to a country where he fears that his life will be threatened, and to Plaintiff Randa Tawadros, who faces the prospect of being permanently separated from her husband or following him, with their two United States children, to a country where she two fears for her life. Should Mrs. Tawadros follow her husband to Egypt, she will lose her asylee status in the U.S.

16. The Plaintiffs have made every possible attempt under the available administrative procedures to compel the Defendants to adjudicate Plaintiff Tawadros' petition.

## IX REQUEST FOR ORAL ARGUMENT

17. Plaintiffs believe that oral argument would assist the Court in reaching a decision. For that reason, the Plaintiffs respectfully request the opportunity to present oral argument to this Court.

WHEREFORE, Plaintiffs pray that this Court:

1. Order the Defendants to adjudicate Plaintiff Randa Tawadros' I-730 Refugee/Asylee Relative Petition for her husband, Plaintiff Raouf Mankaryous and,

2. Award the Plaintiffs attorney's fees, costs and expenses under the Equal Access to Justice Act and any other relief which this Court deems proper under the circumstances.

Respectfully submitted,
Randa Tawadros,
Raouf Mankaryous, by their attorney,
Ilana Etkin Greenstein

*/s/ signature*

Kaplan, O'Sullivan & Friedman, LLP
10 Winthrop Square, 3rd floor
Boston, MA 02110
(617) 482-4500.

CERTIFICATE OF SERVICE

I, Ilana Etkin Greenstein, hereby certify that I have served a copy of the attached Complaint for Declaratory Relief in the Nature of Mandamus by regular mail, postage prepaid, upon:

Denis Riordan, Interim Director
Bureau of Citizenship and Immigration Services
JFK Federal Building
15 New Sudbury Street
Boston, MA 02203

Eduardo Aguirre, Director
Bureau of Citizenship and Immigration Services
425 I Street, N.W.
Washington D.C. 20536

Tom Ridge, Secretary of Homeland Security
United States Department of Homeland Security
Nebraska Avenue Center, N.W.
Washington, D.C. 20508

Henry Hanley, Esq.
Department of Homeland Security
Office of District Counsel
JFK Federal Building, Room 425
15 New Sudbury Street
Boston, MA 02203

Joseph Pantoja, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
86 Chambers St., 3rd floor
New York, NY 10007

this 30th day of August, 2004

_____
Ilana Etkin Greenstein

Affidavit of Ilana Etkin Greenstein

1. My name is Ilana Etkin Greenstein. I am an attorney licensed to practice in the State of Massachusetts.

2. I represent Randa Tawadros and Raouf Mankaryous in their immigration matters.

3. On July 15th, 2004, I called the Citizenship and Immigration Services to inquire as to the status of the I-730 Refugee/Asylee Relative Petition which this office assisted Mrs. Tawadros in filing on Mr. Mankaryous' behalf. The officer with whom I spoke informed me that the petition was still pending, and that CIS was then adjudicating petitions which had been filed after Mrs. Tawadros'. Because the officer was unable to glean why the petition remained pending at this late date, she sent a formal inquiry through the CIS' internal system, to the office which had jurisdiction over the petition (the Vermont Service Center).

4. On August 2nd, 2004, Mr. Mankaryous called me to tell me that a CIS officer had informed him that his case had been transferred from the Vermont Service Center to the Boston District Office.

5. Our office made several attempts to contact the Litigation Unit in Boston, to determine why the petition had been transferred, and to request that it be adjudicated. On August 18th, we sent a letter to Assistant Chief Counsel Henry Hanley, requesting that the petition be adjudicated.

6. To date, CIS has not adjudicated the petition and has not explained why the case was transferred to Boston.

Signed and sworn this ___30th___ day of August, 2004 under the pains and penalties of perjury,

_____
Ilana Etkin Greenstein


On this ___ day of August, 2004, before me, the undersigned notary public, personally appeared ___Ilana Greenstein___, proved to me through satisfactory means of identification which were ___drivers license___, to be the person whose name is signed on the preceding or attached document.

_____
Notary Public

My commission expires: _____

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Randa Tawadros-Guryis

## DEFENDANTS
Denis Riordan, Interim Director CIS

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kaplan, O'Sullivan & Friedman
10 Winthrop Sq., 3rd floor
Boston, MA 02110

Attorneys (If Known)
Ilana Greenstein
Harvey Kaplan

04 11914 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC §1361, 5 USC §1551 (See attached complaint)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____
DOCKET NUMBER _____

DATE 9/1/2004
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Randa Tawadros-Gurgis v Denis Riordan__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Ilana Greenstein, Harvey Kaplan__
ADDRESS __Kaplan, O'Sullivan + Friedman, 10 Winthrop Sq, 3rd floor Boston MA 02110__
TELEPHONE NO. __(617) 482-4500__

(Coversheetlocal.wpd - 10/17/02)